IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LEONARD HARRIS,<br><br>    Plaintiff,<br><br>v.<br><br>MARTHA DANNER,<br><br>    Defendant. | Civil Action No.:  MJM-25-2473<br>(Related Cases: MJM-25-2470,<br>                 TDC-21-1983) |

**MEMORANDUM ORDER**

On July 28, 2025, the above-captioned civil rights complaint was filed together with a Motion to Proceed in Forma Pauperis, which the Court now grants.  ECF No. 2.  For the reasons that follow, the complaint must be dismissed.

Self-represented plaintiff Leonard Harris is suing defendant Martha Danner, the former Director of the Division of Parole and Probation for the Department of Public Safety and Correctional Services, because "in July 2022, while actively defending a civil rights lawsuit brought by Plaintiff, Defendant Danner submitted an affidavit and attached exhibits under seal to the United States District Court for the District of Maryland in *Harris v. Ross*, No. TDC-21-1983." ECF No. 1 at 2–3.  He explains that the sealed exhibit included a 1992 pre-sentence investigation report that had been expunged, a 2009 Risk Assessment containing references to dismissed or expunged sex offense charges, a reconstructed parole supervision file created without his knowledge or consent that mischaracterized his supervision history, a misapplied 2018 COMET supervision policy used to justify enhanced supervision conditions despite the fact that he did not have any qualifying sex offense convictions, and a copy of a criminal case docket and indictment from Case No. 03-K-92-000383, which had been expunged by a September 7, 2016, court order.

*Id*. at 3.  Harris states that Danner's actions resulted in "the unlawful modification of [his] parole conditions, the issuance of invalid warrants, reputational harm, and prolonged detention under fabricated conditions."  *Id*.  He claims he did not learn the full extent of Danner's conduct "until discovery was provided in late 2024."  *Id*.

Harris raises state law claims of "negligence per se," abuse of process, invasion of privacy/false light, and intentional infliction of emotional distress.  ECF No. 1 at 4–5.  He "seeks compensatory damages in excess of $500,000" as well as punitive damages for his unlawful detention, reputational injury, emotional distress, loss of liberty, and violation of his privacy rights.  *Id*. at 5.

As noted, Harris filed this complaint in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in this Court without prepaying the filing fee.  To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).  This Court is mindful, however, of its obligation to liberally construe self-represented pleadings, such as the instant complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In evaluating such a Complaint, the factual allegations are assumed to be true.  *Id*. at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)).  Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts that set forth a cognizable claim.  *Weller v. Dep't of Soc. Servs*., 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented.").  In making this determination, "[t]he district court need not look beyond the complaint's allegations . . . .  It must hold the pro se complaint to

less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F.2d 721, 722-723 (4th Cir. 1989).

Harris sued Danner and others involved in his parole supervision and subsequent revocation proceedings previously in *Harris v. Ross, et al.*, Civil Action TDC-21-1983 (D. Md. 2021) (hereinafter "*Harris I*"). The facts underlying the claims raised in that lawsuit are the same facts involved in the claims he asserts in the instant complaint. Each of the claims he asserts here have been adjudicated against him, and summary judgment has been granted in favor of the defendants and against Harris on each of the claims asserted. *See Harris I* at ECF No. 46. He appealed the decision to the Fourth Circuit Court of Appeals, and the decision was affirmed. *Harris v. Ross*, No. 23-6433 (4th Cir. Aug. 29, 2024) (per curiam unpublished). He is now barred by the principles of res judicata from bringing the instant lawsuit against Danner.

Res judicata, also known as claim preclusion, is a legal doctrine that promotes judicial efficiency and the finality of decisions. *In re Microsoft Corp. Antitrust Litig.*, 355 F.3d 322, 325 (4th Cir. 2004). Under the doctrine of res judicata, a final judgment on the merits in an earlier decision precludes the parties from relitigating issues that were raised or could have been raised during that action. *Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004). The doctrine precludes the assertion of a claim after a judgment on the merits in a prior suit by the same parties on the same cause of action. *Meekins v. United Transp. Union*, 946 F.2d 1054, 1057 (4th Cir. 1991) (citing *Harnett v. Billman*, 800 F.2d 1308, 1312 (4th Cir. 1986). Res judicata is established where there has been a final judgment on the merits in a prior suit, an identity of the cause of action in both the earlier and the later suit, and an identity of parties or their privies in the two suits. *Pension Ben. Guar. Corp. v. Beverley*, 404 F.3d 243, 248 (4th Cir. 2005) (quoting *Jones v. SEC*, 115 F.3d 1173, 1178 (4th Cir. 1997)). A claim is "identical" to the one in a prior dispute if the second suit

3

"arises out of the same transaction or series of transactions as the claim resolved by the prior judgment." *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 162 (4th Cir. 2008) (quoting *Pittson Co. v. United States*, 199 F.3d 694, 704 (4th Cir. 1999)) (internal quotation marks omitted). "[N]ot only does *res judicata* bar claims that were raised and fully litigated, it prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Meekins*, 946 F.2d at 1057 (quoting *Peugeot Motors of Am., Inc. v. E. Auto Distrib., Inc.*, 892 F.2d 355, 359 (4th Cir. 1989)).

Although res judicata must ordinarily be pleaded as an affirmative defense, a court may raise the defense on its own motion if it is "on notice that it has previously decided the issue presented." *Arizona v. California*, 530 U.S. 392, 412 (2000); *accord Clodfelter v. Republic of Sudan*, 720 F.3d 199, 208–10 (4th Cir. 2013); *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655 (4th Cir. 2006). Such an action by the court is warranted based on one of the underlying purposes of res judicata, "avoidance of unnecessary judicial waste." *Arizona*, 530 U.S. at 412. Harris's attempt to relitigate these issues that have been finally decided is a waste of judicial resources.

Accordingly, it is this __15th__ day of August, 2025, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. The Motion to Proceed in Forma Pauperis (ECF No. 2) IS GRANTED;
2. The Complaint IS DISMISSED for failure to state a claim;
3. The Clerk SHALL PROVIDE a copy of this Memorandum Order to Harris; and
4. The Clerk SHALL CLOSE this case.

Matthew J. Maddox
United States District Judge

4